UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
                    -against-                                  :          93 Cr. 203-5 (LGS)
                                                               :
CURT HERRERA,                                                  :          **ORDER**
                                        Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

　　WHEREAS, on March 24, 1993, Defendant Herrera and seven co-defendants were

indicted by a grand jury in the Southern District of New York.  On August 25, 1993, a forty-

count superseding indictment charged Defendant Herrera with one count of racketeering in

violation of 18 U.S.C. § 1962(c); one count of racketeering conspiracy, in violation of 18 U.S.C.

§ 1962(d); fourteen counts of violent crimes in aid of racketeering, in violation of 18 U.S.C. §

1959(a); five counts of use of a firearm in connection with a crime of violation, in violation of 18

U.S.C. § 924(c); one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846;

one count of possession with intent to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(A); one count of conspiracy to transport explosives, in violation of 18 U.S.C. §

371; and one count of transportation of explosives, in violation of Title 18 U.S.C. §§ 844(d) and

2.

　　WHEREAS Defendant Herrera's trial began on November 16, 1993.  On December 22,

1993, the jury found Defendant Herrera guilty on twenty-five counts.  On March 30, 1994, Judge

Thomas P. Griesa sentenced Defendant Herrera to concurrent terms of life imprisonment on the

racketeering count and nine of the counts of violent crimes in aid of racketeering; to seven

concurrent terms of ten years' imprisonment on the remaining violent crimes in aid of

racketeering counts and the count of transportation of explosives; to three concurrent terms of

five years' imprisonment on the three narcotics charges; and to consecutive sentences on each of the firearms counts totaling ninety-five years' imprisonment.  Defendant Herrera is currently serving his term of life imprisonment at the United States Bureau of Prisons facility FCI Hazelton in West Virginia.

WHEREAS Defendant Herrera has sought post-conviction relief multiple times since his 1994 sentencing.  After appealing his conviction and sentence on April 12, 1994, the Second Circuit affirmed the sentence on January 19, 1995.  On April 11, 1997, Defendant Herrera filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 which was renewed on February 26, 1998, and denied on November 3, 1998.  On November 18, 1998, Defendant Herrera filed a motion for reconsideration of Judge Griesa's order denying his § 2255 motion, which was denied on March 2, 1999.

WHEREAS, on March 12, 1999, Defendant Herrera filed notice of appeal of the March 2, 1999, denial of his motion for reconsideration and sought authorization to file a successive motion under § 2255.  The appeal was dismissed on February 25, 2000.  Between August 2001 and August 2014, Defendant Herrera filed multiple motions styled as § 2255 motions, all of which were denied.

WHEREAS, on November 21, 2014, Defendant Herrera filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6) (the "Rule 60(b)(6) Motion").

WHEREAS, on June 23, 2016, Defendant Herrera filed a motion to appoint counsel (the "Motion to Appoint Counsel").

WHEREAS, on March 11, 2020, the Second Circuit granted Defendant Herrera's motion to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and

*United States v. Davis*, 139 S. Ct. 2319 (2019).  This motion is currently pending and will be fully briefed in July 2020.

WHEREAS, on May 28, 2020, the Government filed an opposition to the Rule 60(b)(6) Motion and to the Motion to Appoint Counsel.  It is hereby

**ORDERED** that, for the following reasons, Defendant Herrera's Rule 60(b)(6) Motion and Motion to Appoint Counsel are **DENIED**.

Defendant Herrera's Rule 60(b)(6) Motion is styled as a "Motion for Relief Under Fed. R. Civ. P. 60(b)(6)" and explicitly states that it is not to be construed as a second or successive § 2255 motion.  Defendant Herrera makes the following arguments: he was prejudiced by his attorney; the evidence relied on by the Government was insufficient; Judge Griesa did not apply mitigating factors under the United States Sentencing Guidelines; and the indictment was insufficient because it did not contain specific statutory language of each of the charges filed against him.  These arguments are unavailing on a motion brought pursuant to Rule 60(b).

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  A motion under Rule 60(b) must be made within a "reasonable time."  Fed. R. Civ. P. 60(c)(1).  When considering what constitutes a "reasonable time," a court must consider the "particular circumstances of the case, and balance the interest in finality with the reasons for delay."  *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983); *accord United States v. Christie*, No. 08 Cr. 1244, 2019 WL 2754621, at *3 (S.D.N.Y. July 2, 2019).  Rule 60(b)(6) affords relief only in "extraordinary circumstances," *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), when the Rule is employed "to attack the integrity of a civil proceeding that denies a petition to vacate a judgment of conviction under 28 U.S.C. § 2255."

*Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006) (summary order) (citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004)); *accord United States v. Lopez-Pena*, No. 05 Cr. 191, 2018 WL 4006803, at *1 (S.D.N.Y. Mar. 7, 2018). "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris*, 367 F.3d at 77; *accord Lopez-Pena*, 2018 WL 4006803, at *1. When "a Rule 60(b) motion . . . attacks the underlying conviction," a district court is "present[ed] . . . with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the appropriate court of appeals] . . . for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82 (internal quotation marks and emphasis omitted); *accord Lopez-Pena*, 2018 WL 4006803, at *1. Because Defendant Herrera appears pro se, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

It is clear from the face of the Rule 60(b)(6) Motion that Defendant Herrera challenges his underlying conviction -- based on the alleged insufficiency of the indictment, the Government's lack of evidence, his attorney's actions and application of Sentencing Guidelines -- rather than a previous habeas proceeding. Because these arguments target Defendant Herrera's conviction, they are "beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82; *accord Cabrera v. United States*, No. 05 Cr. 1278, 2019 WL 3936877, at *1 (S.D.N.Y. Aug. 19, 2019) (dismissing petitioner's Rule 60(b) motion arguments as "attempts to circumvent the statutory restrictions on second or successive habeas petitions," where the arguments, in part, were "directed at the validity of [defendant's] underlying conviction, not the integrity of the prior habeas

proceedings"); *Christie*, 2019 WL 2754621, at *3 (same).  On this basis, the motion is properly denied.

The motion is also untimely.  The Rule 60(b)(6) Motion was filed approximately sixteen years after Defendant Herrera's first § 2255 motion was denied in 1998.  This is "a patently unreasonable delay," and the Motion does not reference any "mitigating circumstances" that might explain it.  *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (denying pro se defendant's Rule 60(b) motion made twenty-six months after entry of final judgment because, *inter alia*, it fit this description); *accord Christie*, 2019 WL 2754621, at *3 (concluding the same where defendant brought a Rule 60(b) motion four years after the decision denying his first habeas petition); *Francis v. United States*, No. 06 Cr. 0080, 2019 WL 2006136, at *2 (S.D.N.Y. May 6, 2019) (concluding the same where pro se petitioner filed the Rule 60(b) motion two years after his habeas petition was denied).

Accordingly, the Rule 60(b)(6) Motion is denied for the foregoing reasons, and in light of Defendant Herrera's repeated motions for § 2255 relief, including the current § 2255 motion pending before the Court.  *See Enrique Santiago v. United States*, 385 F. Supp. 3d 209, 211 (S.D.N.Y. 2019) (denying pro se petitioner's Rule 60 motion as beyond the scope of Rule 60(b), where petitioner had previously filed multiple § 2255 motions); *Erbo v. United States*, No. 08 Civ. 02881, 2014 WL 6454002, at *3 (S.D.N.Y. Nov. 17, 2014) (denying pro se petitioner's Rule 60 motion as beyond the scope of Rule 60(b), and noting that "premature treatment" of a Rule 60(b) motion as a successive habeas petition "'risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent . . . challenge as an abuse of the writ'" (quoting *Gitten v. United States*, 311 F.3d 529, 533 (2d Cir. 2002)); *Ackridge v. Barkley*, No. 06 Civ. 3891, 2008 WL 4555251, at *7 (S.D.N.Y. Oct. 7, 2008) (denying pro se

petitioner's Rule 60(b) motion as outside the scope of Rule 60(b), where it was "reasonable to conclude" the motion was brought in an attempt to circumvent restrictions on second or successive habeas petitions and where the motion did not challenge the integrity of prior habeas proceedings).

The Motion to Appoint Counsel is also denied.  There is no constitutional right to counsel in habeas corpus proceedings.  *See Harris*, 367 F.3d at 81.  Rather, the Criminal Justice Act ("CJA") provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2)(B); *accord Jerez v. Bell*, No. 19 Civ. 2385, 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019).  In deciding whether to exercise discretion to appoint counsel under the CJA, courts in the Second Circuit "consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants," including "the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case."  *Jerez*, 2019 WL 1466899, at *4 (emphasis in original) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)).  Considering these factors, the Motion is denied because the Rule 60(b)(6) Motion is without merit and Defendant Herrera has already filed his current § 2255 motion, which involves arguments that "may fairly be heard on written submissions."  *Llanos v. Goord*, No. 06 Civ. 0261, 2006 WL 563309, at *2 (S.D.N.Y. Mar. 9, 2006) (collecting cases).

The Government is directed to mail a copy of this order to Defendant Herrera and file proof of service by **June 10, 2020**.

The Clerk of Court is respectfully directed to close the open motions at Docket Nos. 163 and 166.

Dated: June 8, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**