UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
   UNITED STATES,

                                   93 Cr. 203 (LGS)

              -against-                       ORDER

   CURT HERRERA,
                             Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

**I. Background**

     WHEREAS, on December 22, 1993, a jury convicted Defendant on twenty-five counts for his role as a member of a racketeering enterprise that engaged in robbery, kidnapping, distribution of narcotics, threats of violence, arson and murder.  On April 6, 1994, Defendant was sentenced to ten concurrent terms of life imprisonment, and fifteen other terms of imprisonment ranging from five to thirty years.  Defendant has been in prison for more than twenty-eight years.

     WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.

     WHEREAS, Defendant, proceeding pro se, filed a letter dated December 16, 2020, seeking the appointment of counsel for the filing of motion for a sentence reduction or compassionate release.

     WHEREAS, on January 27, 2021, the Government was ordered to acquire a copy of Defendant's recent BOP medical records and file a letter summarizing or highlighting any pertinent portions of the records.

     WHEREAS, on February 5, 2021, the Government submitted a response letter in accordance with this Court's January 27, 2021 Order.  The Government opposed Defendant's motion for compassionate release on the grounds that the § 3553(a) factors weigh against granting of the motion. The Government, however, conceded that Defendant suffered from a series of health conditions that

made him particularly vulnerable to COVID-19 and Defendant could establish "extraordinary and compelling reasons" for compassionate release or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

WHEREAS, on February 23, 2021, Defendant was appointed a counsel.

WHEREAS, on May 21, 2021, Defendant filed a motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582.

WHEREAS, on May 28, 2021, the Government filed a letter opposing Defendant's motion for compassionate release. The Government argues that Defendant could not establish "extraordinary and compelling reasons" under § 3582(c) because he refused the COVID-19 vaccine. The Government also argues that the § 3553(a) factors weigh against granting the motion.

II. **Exhaustion of Administrative Remedies**

WHEREAS, a defendant may move to reduce his sentence only after exhausting "all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

WHEREAS, the parties do not dispute that Defendant has exhausted his administrative remedies.

III. **Extraordinary and Compelling Reasons**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

WHEREAS, when assessing a motion for compassionate release brought by a defendant, district courts have the discretion "to consider the full slate of extraordinary and compelling reasons

that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus that causes COVID-19. Liver disease and diabetes might increase an adult's risk of severe illness due to COVID-19. *See COVID-19: People with Certain Medical Conditions*, CTR. FOR DISEASE CONTROL & PREVENTION (updated Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, the CDC has stated that all COVID-19 vaccines are "effective… [and] can keep [individuals] from getting and spreading the virus that causes COVID-19." *COVID-19: Benefits of Getting a COVID-19 Vaccine*, CTR. FOR DISEASE CONTROL & PREVENTION (updated Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Experts believe "COVID-19 vaccines also help keep [individuals] from getting seriously ill even if [they] get COVID-19." *Id.*

WHEREAS, Defendant is fifty-five years old and suffers from the following medical conditions, which may affect his susceptibility to risks of COVID-19: "Type II Diabetes and Stage 3 (moderate) Chronic Kidney Disease."

WHEREAS, on March 9, 2021, Defendant was offered and refused the Pfizer COVID-19 vaccine. No justification for the refusal is provided in the record.

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances warranting a sentence reduction.  First, while Defendant has underlying health conditions that may increase the risk of COVID-19, he was offered and refused the Pfizer COVID-19.  Second, FCI Hazelton where Defendant is housed, like other BOP facilities, has implemented COVID-19 mitigation measures, including masks, social distancing and temperature-taking protocols.  *See BOP Modified Operations*, FED. BUREAU OF PRISONS (updated Nov. 25, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp.  Third, as of September 8, 2021, FCI Hazelton has only four cases of COVID-19 among inmates.  *See COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 8, 2021).  Courts have persuasively found that similar conditions do not rise to the level of extraordinary and compelling circumstances.  *See, e.g.*, *United States v. Maldonado*, No. 16 Cr. 285, 2021 WL 639069, at *4 (S.D.N.Y. Feb. 17, 2021) (holding extraordinary and compelling circumstances did not exist where prison had only one inmate currently testing positive for COVID-19 and noting defendant "would arguably encounter more COVID-19 infected persons if [he] were released to the community").  Given this evidence, Defendant has not established that conditions at FCI Hazelton constitute an extraordinary and compelling justification for release.

WHEREAS, even if Defendant had provided an extraordinary and compelling justification for release, the § 3553(a) factors would outweigh that justification.

**IV.     Sentencing Factors Under 18 U.S.C. § 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant and (D) to provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).  While these factors serve as guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in § 3553(a) do not support a reduction in sentence.  Defendant was a member of the Moya/Paige Organization, which engaged in robbery, kidnapping, murder, arson and narcotics distribution.  The jury convicted Defendant on twenty-five counts, including racketeering, fifteen counts of violent crimes in aid of racketeering (including for kidnapping and murder in aid of racketeering), and four counts of use of a firearm in connection with a crime of violence.  As acknowledged by Defendant himself, "while [Defendant] did not personally kill anyone … he was certainly convicted of participating in a multitude of violent crimes, including bomb-making."  Though his efforts at rehabilitation and self-improvement are commendable, the seriousness of the crimes Defendant was convicted of weigh against granting the motion for compassionate release.  It is hereby

**ORDERED** that, Defendant's motion compassionate release is **DENIED**.

Dated: September 8, 2021
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE