UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
*******************************
Curt Herrera                    )   Civil action number:
Petitioner,                     )   20-cv-02957-LGS.  93 Cr. 203-5
v.                              )
United States of America        )   Honorable: Lorna G. Schofield, USDJ.
(AUSA: Brandon Douglas Harper)) 
Respondents.                    )   June 9th, 2023.
*******************************
```

PETITIONER: HERRERA REQUESTING PERMISSION FROM THIS COURT SUPPLEMENT UNDER FED.R.CIV.P. RULE 15, HIS §2255 MOTION WHICH HAS BEEN PENDING SINCE 2020, WITH NEW INTERVENING CASE LAW AUTHORITIES

***

Affidavit of Herrera, via: 28 U.S.C. §1746, under perjury the following to be true, correct and complete. Pro-Se:

[1] Several Courts have now concluded that the guideline definition of "Controlled Substance" does not include inchoate offenses because such offenses are not expressly included in the guideline text and no overt act is required to convict. See:

[2] USA v. Dupree, 57 F.4th 1269 (11th Cir.2023) en banc;

[3] USA v. Campbell, 22 F.4th 438 (4th Cir.2023);

[4] USA v. Nasir, 17 F.4th 459 (3d Cir.2021) en banc;

[5] USA v. Havis, 927 F.3d 382 (6th Cir.2019) en banc;

[6] USA v. Winstead, 890 F.3d 1082 (D.C.Cir.2018);

[7] USA v. Norman, 935 F.3d 232, 238-39 (4th Cir.2019);

[8] Stinson v. USA, 508 U.S. 36 (1993).

[9] Several Courts held that commission exceeded its authority under Stinson v. USA, 508 U.S. 36 (1993), when it attempted to incorporate inchoate offenses into §4B1.1(b)'s definition through the commentary, finding that the commentary can only interpret or explain the guideline, it cannot expand its scope by adding qualifying offenses. See, e.g., Havis, 927 F.3d at 385-87.

[10] More recently, Courts have relied on Supreme Court's Kisor v. Wilkie, 139 S.Ct. 2400 (2022), to hold that guideline commentary should not be afforded deference unless the guideline text is genuinely ambiguous.

[11] Similarly, Courts have held that "crimes of violence" **excludes conspiracies** because the section 4B1.2 commentary does not warrant Kisor difference. See, e.g., USA v. Abreau, 32 F.4th 271, 277-78 (3d Cir.2022).

[12] In Herrera, he was charged with and convicted of Count Three VICAR, Count 4 VICAR, Count 5 VICAR, Count 6, VICAR, Count 7 VICAR, Counts 24-25 VICAR, Count 32 924(c), Count 36 possession drugs, Count 37 conspiracy to manufacture marijuana, Count 38 Drug conspiracy 18 U.S.C. §371, Count 39 Explosives, Count 40 924(c).

[13] Please note that without either Drug conspiracy and conspiracy to murder VICAR (Violent Crime in Aid of Racketeering) charges and predicate reacketeering acts depicted supra, most of the above charges would be deemed inchoate crimes and invalid.

## Conclusion

WHEREFORE, for all of the above specifcially stated reasons Petitioner: Herrera, most respectfully requests the following relief from this Honorable Court:

Allow, Herrera's instant supplemental motion to his §2255 motion which is now pending in this Court;

Deem, newly intervening law relevant to this instant case as seen supra, depicted in ¶'s 1-8, supra;

Grant, Herrera, a meaningful evidentiary hearing or in the alternative:

Grant, Herrera's §2255 writ of habeas corpus be issued;

Order, Herrera to be re-sentenced to time served 30 years which he has already served in prison;

Order, Herrera's immediate release from custody.

Signed under 28 U.S.C. §1746, under perjury the above and the following to be true, correct and complete. Pro-Se:

Respectfully Submitted By
Petitioner/Affiant:

**************************
Curt Herrera
34429-054
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887.

Certificate of Service

I, Petitioner: Herrera, hereby certify that this motion was sent via: U.S. Mail/Postage prepaid on this 9th, day of June, 2023, to the following:

Clerk of Courts                         AUSA: Brandon Douglas Harper
U.S. District Court                     U.S. Attorney's Office
U.S. Courthouse                         Southern District of New York
500 Pearly Street                       One St. Andrews Plaza
New York, New York                      New York, New York
10007.                                  10007.


******************************************
Curt Herrera

3

Petitioner's pending motion under 28 U.S.C. § 2255 is supplemented accordingly.  So Ordered.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Petitioner.

Dated: June 21, 2023
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**