UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CURT HERRERA,                                               :
                                                            :
                              Petitioner,   :   20 Civ. 2957 (LGS)
               -against-                    :   93 Crim. 203-5 (LGS)
                                            :
UNITED STATES OF AMERICA,                   :   **OPINION & ORDER**
                                            :
                              Respondent.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Pro se Petitioner Curt Herrera brings this petition (the "Petition") under 28 U.S.C. § 2255 to vacate his convictions on five counts of the twenty-five counts on which he was convicted by a jury in 1993. On the other twenty counts, Petitioner was sentenced to varying terms of imprisonment, including ten concurrent life terms. Petitioner claims that the five convictions he challenges are no longer considered "crimes of violence" within the meaning of 18 U.S.C. § 924(c). Petitioner rests his argument on the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 588 U.S. 445 (2019). For the reasons below, the Petition is denied, except that Count 40 is vacated based on the Government's agreement.

I.     **BACKGROUND**

On December 22, 1993, a jury convicted Petitioner on twenty-five counts for his role as a member of a racketeering enterprise -- the "Moya/Paige Organization" -- that engaged in robbery, kidnapping, murder, arson and narcotics distribution. On March 30, 1994, Petitioner was sentenced to ten concurrent terms of life imprisonment on counts that are not the subject of the Petition. On each of the remaining fifteen counts, the Court imposed varying terms of imprisonment ranging from five to thirty years. The Petition challenges the convictions on

Counts 28, 29, 30, 32 and 40. On those counts, Petitioner was sentenced to a five-year term on Count 28, twenty-year terms on each of Counts 29, 30 and 32, and a thirty-year term on Count 40. The term of imprisonment on each of these five counts runs consecutively with each other, consecutively with the life terms and consecutively with ten- and five-year terms that run concurrently with the life terms.

Counts 28, 29, 30, 32 and 40 charged Petitioner with the use of firearms in connection with various crimes of violence, in violation of 18 U.S.C. § 924(c). Counts 28, 29, 30 and 32 are predicated on kidnapping and murder in aid of racketeering or murder in aid of racketeering, while Count 40 is predicated on conspiracy to damage and destroy buildings, vehicles and other property by means of explosives.

On March 11, 2020, the Second Circuit granted Petitioner's motion to file a successive § 2255 motion challenging his § 924(c) convictions under *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 588 U.S. 445 (2019). Petitioner filed the Petition on April 10, 2020.

## II. STANDARD

"Under the concurrent sentence doctrine, a court may decline to consider a challenge to a conviction for which an appellant's sentence runs concurrently with that for another, valid conviction." *Al-'Owhali v. United States*, 36 F.4th 461, 466 (2d Cir. 2022).[1] "The doctrine is a rule of judicial convenience that conserves judicial resources when, regardless of the outcome, the prisoner will remain in jail for the same length of time." *Id.* The doctrine "allows a court to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

avoid unnecessary adjudication of issues and unnecessary pronouncements of law by reserving judgment only for issues that, once resolved, have some practical effect." *Id.*

The Second Circuit recently held that "the concurrent sentence doctrine applies to a collateral challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences." *Id.* at 467.  Courts may decline to consider collateral challenges to the validity of a conviction when "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.*  To determine whether application of the concurrent sentence doctrine will cause "additional adverse collateral consequences," courts consider the following five *Vargas* factors, which examine "the effect of an unreviewed conviction on [(1)] the petitioner's eligibility for parole, [(2)] the future application of recidivist statutes for a future offense by the petitioner, [(3)] the petitioner's credibility in future trials, [(4)] the possibility of pardon, and [(5)] societal stigma of a conviction." *Id.* at 467-68 (citing *United States v. Vargas*, 615 F.2d 952, 959-60 (2d Cir. 1980)).  "The presence of any factor is sufficient to justify review." *Id.* at 468.

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of N.Y.C*, 16 F.4th 1070, 1074 (2d Cir. 2021).  Pro se litigants are accorded "special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021).  Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord Scalercio-Isenberg v. Port Auth. of N.Y. & N.J.*, 487 F. Supp. 3d 190, 200 (S.D.N.Y. 2020).

3

**III.    DISCUSSION**

Petitioner's request to vacate his convictions on Counts 28, 29, 30 and 32 is denied under the concurrent sentence doctrine.

As to the doctrine's first prong, "the collateral challenge will have no effect on the time the prisoner must remain in custody." *See Al-'Owhali*, 36 F.4th at 467.  Petitioner is currently serving ten concurrent life sentences, none of which is challenged here.  Petitioner challenges only his § 924(c) convictions, which run consecutively to his life sentences.  Vacatur of his § 924(c) convictions will not reduce the time he must serve in prison.

As to the second prong, as in *Al-'Owhali*, "there is no meaningful possibility that the unreviewed conviction[s] will subject [Petitioner] to a substantial risk of adverse collateral consequences" under the *Vargas* factors.  *Al-'Owhali*, 36 F.4th at 468.  First, the unreviewed convictions will have no effect on Petitioner's future parole eligibility because his unchallenged life sentences are all without parole, as "there is no parole in the federal system."  *See United States v. Delgado*, 971 F.3d 144, 159 (2d Cir. 2020) (stating that a federal life sentence is "effectively the same as a life-without-parole sentence in state court systems").  Second, because Petitioner is already serving lifelong prison sentences, there is little chance that he will be subject to recidivist statutes for future offenses such that the unreviewed convictions could result in increased sentences.  *See Al-'Owhali*, 36 F.4th at 468.  Third, the unreviewed convictions are "unlikely to be used to impeach his character at a future trial or affect his chances for a potential pardon" because Petitioner remains convicted on twenty other counts.  *See id.*  Fourth, given the weight of Petitioner's other undisputed convictions, resulting in multiple life sentences for violent crimes in aid of racketeering, including kidnapping and murder, vacatur of Petitioner's § 924(c) convictions is unlikely to increase Petitioner's chances of a pardon.  Finally, for similar

4

reasons, the unreviewed convictions are unlikely to subject Petitioner to societal stigma, especially in comparison to the stigma already carried by his other unchallenged convictions. *See id.*

Because the collateral challenge to Counts 28, 29, 30 and 32 will have no effect on the time Petitioner must remain in custody, the Petition to vacate the convictions on these counts is denied.[2] *See, e.g.*, *Sanchez v. United States*, No. 21-1335, 2024 WL 1827764, at *2 (2d Cir. Apr. 26, 2024); *Brown v. United States*, No. 21-1530, 2023 WL 3001239, at *2 (2d Cir. Apr. 19, 2023); *United States v. Mui*, No. 95 Crim. 766-1, 2024 WL 1532293, at *3 (E.D.N.Y. Apr. 9, 2024).

## IV.    CONCLUSION

For the foregoing reasons, the Petition is **DENIED** except as to Count 40, which is vacated without resentencing. The denial is without prejudice to Petitioner's renewing his claim if he is authorized to challenge the validity of his life sentences in the future. *See Al-'Owhali*, 36 F.4th at 469. An amended judgment, vacating Count 40, will issue separately.

---

[2] This case is unlike *Gomez v. United States*, 87 F.4th 100, 107 (2d Cir. 2023), *petition for cert. filed*, No. 23-7415 (May 8, 2024), in which the Second Circuit declined to apply the concurrent sentence doctrine because the court could not conclude that the collateral challenge, if successful, would not affect Gomez's time in custody. *Id.* The court appeared to accept, or at least credit in part, Gomez's argument that, if his challenge to the § 924(c) conviction were successful, "it is possible, even probable" that he would receive a lesser sentence on the unchallenged counts because the Sentencing Guidelines are no longer mandatory as they were when Gomez was originally sentenced. *Id.* Here, there appears to be no reason why vacating the § 924(c) firearms convictions would or should affect the sentences on Petitioner's convictions for racketeering (Count 2) or for murder or maiming in aid of racketeering (Counts 10, 12, 13, 15, 16, 18, 19, 21, 25), which resulted in the life sentences. *See Herrera v. United States*, No. 93 Crim. 203, 1998 WL 770559, at *1-2 (S.D.N.Y. Nov. 3, 1998) (denying Petitioner's challenges to his convictions, including those that resulted in the life sentences).

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2); *Gray v. United States*, 980 F.3d 264, 265 (2d Cir. 2020). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous.").

The Clerk of Court is respectfully directed to (1) enter judgment in favor of Respondent in the civil case, 20 Civ. 2957, (2) close the civil case and (3) mail a copy of this Opinion and the Amended Judgment to pro se Petitioner.

Dated:  June 20, 2024
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**